**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalie Monge,<br><br>                    Plaintiff,<br><br>v.<br><br>DH Brewing Incorporated, et al.,<br><br>                    Defendants. | No. CV-24-01294-PHX-MTL<br><br>**ORDER** |

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff Natalie Monge moves for default judgment against Defendants DH Brewing Incorporated ("DH Brewing"), DH Enterprises Restaurants L.L.C. ("DH Enterprises I"), DH Enterprises Restaurants 2 L.L.C. ("DH Enterprises II"), and Doajo and Roxanne Hicks. (Doc. 34.) DH Brewing, DH Enterprises I and II, and Doajo and Roxanne Hicks are collectively referred to as "Defendants." None of the Defendants have responded. For the following reasons, the Court grants the Motion (*id.*).

**I.      BACKGROUND**

As the Clerk of Court has entered default (Doc. 29), the Court takes the Complaint's factual allegations as true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

The Complaint alleges claims of failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA"), failure to pay minimum wage under the Arizona

1  Minimum Wage Act ("AZMWA"), and failure to pay wages due and owing under the
2  Arizona Wage Act ("AZWA"). (Doc. 1 ¶¶ 64-78.)

3        In February 2024, Monge began working for Defendants in Maricopa County,
4  Arizona, as a restaurant manager. (*Id.* ¶¶ 42, 43, 46.) Defendants agreed to pay Monge
5  approximately $833 per week. (*Id.* ¶ 47.) On Monge's last week of work for Defendants,
6  on or around April 11, 2024, she worked approximately 45 hours. (*Id.* ¶¶ 44, 48.)
7  Defendants never paid Monge for her last week of work. (*Id.* ¶¶ 49-50.) To date,
8  Defendants have not reimbursed Monge for her work or taken any other corrective action.
9  (*Id.* ¶ 52.) Monge filed a lawsuit asserting one violation of the FLSA, one violation of the
10 AZMWA, and one violation of the AZWA. (*Id.* ¶¶ 64-78.)

11       Monge seeks monetary damages for her missing wages, federal and state liquidated
12 damages, and attorney's fees and costs. (Doc. 34 at 8-11; Doc. 34-1 at 2-3.) Excluding
13 attorney's fees and costs, Monge is requesting $2,499. (Doc. 34 at at 11.) Monge requests
14 that damages be augmented by post-judgment interest pursuant to 28 U.S.C. § 1961. (*Id.*)

15       Despite being served with the Complaint and Summons (Docs. 6-10), Defendants
16 did not file an answer to the Complaint. Monge first filed an application for default against
17 Defendants on August 28, 2024, (Doc. 13) which was entered by the Clerk of the Court on
18 August 30, 2024 (Doc. 14). On August 30, 2024, Doajo Hicks filed a Motion to Reconsider,
19 Response in Opposition to Plaintiff's Motion for Default Judgment, and a Motion for
20 Judgment in favor of the Defendants. (Doc. 17.) On September 13, 2024, the parties filed
21 a joint stipulation to (1) withdraw the Motion to Reconsider, Response in Opposition to
22 Plaintiff's Motion for Default Judgment, and Motion for Judgment in Favor of the
23 Defendants; (2) set aside the Clerk's entry of default; and (3) extend the Defendants' time
24 to respond to the Complaint. (Doc. 19.) The Court granted the joint stipulation and ordered
25 that Defendants answer the Complaint no later than October 4, 2024. (Doc. 20.)

26       The Defendants subsequently did not answer the Complaint by October 4, 2024.
27 Monge's second application for default against Defendants (Doc. 28) was entered by the
28 Clerk of the Court on October 7, 2024. (Doc. 29.) Thereafter, on October 25, 2024, Monge

filed the instant motion. (Doc. 34.) No response has been filed.

## II. LEGAL STANDARD

Once a default is entered, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (explaining that Rule 55, Fed. R. Civ. P., requires a two-step process: an entry of default judgment must be preceded by an entry of default). The following factors are to be considered when deciding whether default judgment is appropriate:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits.

*Eitel*, 782 F.2d at 1471-72.

Because Monge is the party seeking default judgment, she "bears the burden of demonstrating to the Court that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment." *Norris v. Shenzhen IVPS Tech. Co.*, No. CV-20-01212-PHX-DWL, 2021 WL 4844116, at *5 (D. Ariz. Oct. 18, 2021).

## III. JURISDICTION, VENUE, AND SERVICE

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). "[I]n the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). If a plaintiff's proof is limited to written materials, only these materials need to demonstrate sufficient facts that support a finding of jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citation omitted).

### A. Personal Jurisdiction

"Federal courts ordinarily follow state law in determining the bounds of their

jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Arizona's long-arm statute conforms with the requirements of federal due process. Ariz. R. Civ. P. 4.2(a). Therefore, the analysis of personal jurisdiction under Arizona law is the same. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

For the exercise of personal jurisdiction to comport with federal due process, Defendants must have certain "minimum contacts" with Arizona such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Supreme Court has recognized two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 255 (2017). A court has general personal jurisdiction, that is personal jurisdiction over "any and all claims," when a defendant is "essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe Co.*, 326 U.S. at 317).

Specific personal jurisdiction—limited to a narrower class of claims than general personal jurisdiction—exists when the defendant has taken "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The Ninth Circuit uses a three-part test to analyze specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger*,

374 F.3d at 802). The plaintiff has the burden of proving the first two prongs. *CollegeSource, Inc. v. AcademyOne*, 653 F.3d 1066, 1076 (9th. Cir. 2011) (citing *Sher*, 911 F.2d at 1361). If proved, "the burden then shifts to [the defendant] to set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (cleaned up).

Monge's Complaint provides sufficient information to conclude that this Court has general personal jurisdiction over DH Brewing, DH Enterprises I, and DH Enterprises II. (Doc. 1 ¶ 10.) DH Brewing is a corporation licensed to conduct business in Arizona, and has offices and agents within Maricopa County, including "Throne Brewing." (*Id.* ¶¶ 12-13.) DH Enterprises I is a corporation licensed to conduct business in Arizona, has offices and agents within Maricopa County, and owns and operates "The Pairing Room" restaurant in the Phoenix area. (*Id.* ¶¶ 15-16.) DH Enterprises II is a corporation licensed to conduct business in Arizona, has offices and agents within Maricopa County, and owns and operates "Throne Brewery & Pizza Kitchen" in the Phoenix area. (*Id.* ¶¶ 18-19.) DH Brewing, DH Enterprises I, and DH Enterprises II are essentially at home in Arizona because they are corporations licensed to conduct business in the State and own and operate establishments in Arizona.

Doajo and Roxanne Hicks own DH Brewing, DH Enterprises I, and DH Enterprises II. (*Id.* ¶ 21.) Monge's Complaint does not provide sufficient information to establish that this Court has general personal jurisdiction over the Hicks—the Complaint does not allege their place of domicile. Nonetheless, by regularly conducting business in Arizona, the Hicks purposefully availed themselves to the laws of this State. Additionally, Monge's claims arise out of the Hicks' business activities in Arizona. (*Id.*) Thus, this Court has specific personal jurisdiction over Doajo and Roxanne Hicks.

In sum, this Court has personal jurisdiction over all Defendants.

**B.     Subject Matter Jurisdiction**

Monge asserts claims arising under the FLSA, AZMWA, and AZWA. (Doc. 1 ¶ 1.) The district courts of the United States have subject matter jurisdiction over claims arising out of federal law, including the FLSA, under 28 U.S.C. § 1331. Monge's state law claims

under the AZMWA and the AZWA form "part of the same case or controversy under Article III of the United States Constitution" as her FLSA claim. (Doc. 1 ¶ 9.) 28 U.S.C. § 1367. Thus, the Court has supplemental jurisdiction over Monge's state law claims.

### C. Venue

Monge asserts that venue and personal jurisdiction requirements are satisfied because Defendants "regularly conduct business in and have engaged in wrongful conduct . . . [in] this judicial district." (Doc. 1 ¶ 10.) Therefore, "a substantial part of the events or omissions giving rise to the claim" occurred in this district and venue is proper. 28 U.S.C. § 1391(b)(2).

### D. Service of Process

Service is properly executed by delivering a copy of the summons and the complaint to the individual personally. Fed. R. Civ. P. 4(e)(2)(A); Ariz. R. Civ. P. 4.1(d). Here, the summons and a copy of the Complaint were personally served on Doajo and Roxanne Hicks. (Docs. 9, 10.) For a corporation, service can be executed by serving a copy of the summons and the complaint on a statutory agent of the corporation. Fed. R. Civ. P. 4(h)(1); Ariz. R. Civ. P. 4.1(i). Doajo Hicks is a registered statutory agent for DH Brewing and DH Enterprises I (Doc. 34 at 13) and was served on behalf of the corporations on August 5, 2024 (Docs. 6, 7). Griffin Perry is a registered statutory agent for DH Enterprises II and was served on behalf of the corporation on June 6, 2024. (Doc. 8.) Accordingly, Defendants were properly served.

## IV. DEFAULT JUDGMENT

### A. Prejudice to the Plaintiff

The first *Eitel* factor weighs in favor of granting the motion because Monge will be prejudiced if default judgment is not entered. Monge gave proper notice to Defendants (Docs. 6-10) but Defendants never responded to the Complaint, even after the Clerk set aside the first entry of default against them, and the Court extended the deadline to respond to the Complaint (Doc. 20). "Normally, an appearance in an action involves some presentation or submission to the court . . . [b]ut because judgments by default are

disfavored, a court usually will try to find that there has been an appearance by [the] defendant." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (internal citations and quotations omitted).

Doajo Hicks is the only Defendant to have responded to the litigation, filing the Motion to Reconsider, Response in Opposition to Plaintiff's Motion for Default Judgment, and a Motion for Judgment in favor of the Defendants. (Doc. 17.) While Mr. Hicks filed the motions on behalf of all Defendants, as a pro se litigant (*see* Doc. 16) he may only represent himself, not the other defendants. 28 U.S.C. § 1654; *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) ("While [a defendant] may appear in propria persona on his own behalf . . . that privilege is personal to him. He has no authority to appear as an attorney for others than himself."). Even though Mr. Hicks owns DH Brewing, DH Enterprises I, and DH Enterprises II (Doc. 1 ¶ 21), "a corporation may appear in federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). Thus, Mr. Hicks' appearances before this Court do not count as appearances by any of the other Defendants. Therefore, the first factor favors default judgment against DH Brewing, DH Enterprises I, DH Enterprises II, and Roxanne Hicks because they have not appeared in this litigation.

Although Mr. Hicks filed two motions with the Court (Docs. 17, 30), he has not demonstrated intent to litigate this case. Mr. Hicks only appeared after the Clerk first entered default against him. (Docs. 14, 17.) Further, he did not respond to the Complaint after an extension of time by the Court (Doc. 20), failed to appear for two subsequent status conferences (Docs. 21, 22), and has not responded to the Motion for Default Judgment. If Monge's motion is not granted, she "will likely be without other recourse for recovery." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Thus, the first factor heavily favors default judgment against all Defendants.

**B.     Merits of the Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint—are often "analyzed together and require courts to consider whether a

plaintiff has stated a claim on which [she] may recover." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (cleaned up). The Court addresses Monge's claims against Defendants under the FLSA, AZMWA, and AZWA.

Before turning to the merits of her claims under the FLSA, AZMWA, and AZWA for unpaid wages, the Court must analyze the status of Monge as an employee within the meaning of all three acts.

### 1. FLSA Claims

Monge alleges that Defendants failed to pay her minimum wage in violation of the FLSA. (Doc. 1 ¶¶ 64-67.) The FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). It defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). The Ninth Circuit employs a six factor "economic reality" test to distinguish between employees and independent contractors. *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 754 (9th Cir. 1979). No one factor in the test is dispositive. *Id.* Instead, the determination depends "upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947).

The economic reality test is comprised of six factors:

> (1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon [her] managerial skill; (3) the alleged employee's investment in equipment or materials required for [her] task, or [her] employment of helpers; (4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business.

*Real*, 603 F.2d at 754.

The first factor weighs in favor of Monge's claim. Monge alleges Defendants "had the authority to hire and fire employees, supervised and controlled work schedules or the

conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants." (Doc. 1 ¶¶ 14, 17, 20, 22.) Although Monge's allegations are sparse, they are sufficient to determine the extent of Defendants' control. *Stamper v. Freebird Logistics Inc.*, No. CV-22-00155-PHX-MTL, 2022 WL 2316317, at *3 (D. Ariz. June 28, 2022) (determining that even conclusory, "cursory allegations are sufficient . . . to determine the extent of Defendants' control").

The second factor—the employee's opportunity for profit and loss—also weighs in favor of employee status. Monge alleges that "Defendants, in their sole discretion, agreed to pay [Monge] a weekly rate of approximately $833." (Doc. 1 ¶ 47.) Payment of a fixed wage weighs in favor of employee status. *See Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1441 (10th Cir. 1998); *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1065 (D. Or. Apr. 28, 2010); *Montoya v. S.C.C.P. Painting Contractors, Inc.*, 589 F. Supp. 2d 569, 580 (D. Md. 2008) ("Where the putative employee's work is, by its nature, time oriented, not project oriented, courts have weighed [this factor] in favor of employee status"). Given Monge's fixed weekly rate, the second factor favors employee status.

The third factor, which considers the relative investments of the alleged employer and employee in the business, also weighs in favor of Monge's claim. The plaintiff's level of investment "is the amount of large capital expenditures, such as risk capital and capital investments, not negligible items, or labor itself." *Baker*, 137 F.3d at 1442 (citation omitted). Monge does not allege any financial investment in DH Brewing, DH Enterprises I, or DH Enterprises II. While Monge was a manager for Defendants and likely exercised some discretionary control, she only worked for Defendants for approximately two months. (Doc. 1 ¶¶ 43-44, 46.) Thus, the third factor weighs in favor of employee status because Monge's "investments are disproportionately small when compared to . . . investment in the overall business." *Baker*, 137 F.3d at 1442.

The fourth factor looks to the degree of skill necessary to perform the alleged employee's work. "A minimal level of skill weighs in favor of finding that an individual

was an employee, rather than an independent contractor." *Dyrhaug v. Tax Breaks Inc.*, No. CV-13-01309-PHX-BSB, 2015 WL 13567067, at *9 (D. Ariz. Sept. 15, 2015). Monge asserts that she was a "manager" for Defendants and a "non-exempt employee." (Doc. 1 ¶¶ 46, 58.) This factor weighs neutrally since there is not enough information for the Court to determine Monge's degree of skill.

"The fifth factor contemplates the permanence of the working relationship between the alleged employer and employee." *Stamper*, 2022 WL 2316317, at *4. Monge worked for Defendants from February 3, 2024, to April 11, 2024, approximately. (Doc. 1 ¶¶ 43-44.) Because there are no other allegations for the Court to determine the permanence of the working relationship, this factor also weighs neutrally. *Stamper*, 2022 WL 2316317, at *4.

The sixth factor, which considers whether the alleged employee's services were an integral part of the alleged employer's business, weighs in favor of Monge's employee status. *Id.* Defendants own and operate three restaurants and bars where Monge alleges she worked as a manager for Defendants. (Doc. 1 ¶¶ 42, 46.) The Court assumes that restaurants depend on their managers. *See Stamper*, 2022 WL 2316317, at *4 (assuming that a delivery company depended upon its delivery drivers).

Thus, an analysis under the economic reality test demonstrates that Monge was an employee of Defendants under the FLSA.

### 2. AZMWA Claims

Monge alleges that Defendants failed to pay her minimum wage in violation of the AZMWA. (Doc. 1 ¶¶ 68-71.) The AZMWA, like the FLSA, defines an "employee" as "any person who is or was employed by an employer." A.R.S. § 23-362(A). It defines an "employer" as "any corporation, proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, [and] individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). To determine whether a worker is an employee under the AZMWA as opposed to an independent contractor, the AZMWA instructs courts to look "to the standards of the [FLSA]." A.R.S. § 23-362(D). Unlike the FLSA, the AZMWA places the

"burden of proof . . . upon the party for whom the work is performed to show independent contractor status by clear and convincing evidence." *Id.* Defendants do not meet this burden since they have not contested Monge's allegations. Because A.R.S. § 23-362(D) mandates the same result reached under the FLSA, Monge was an employee under the AZMWA.

### 3. AZWA Claims

Monge alleges that DH Brewing, DH Enterprises I, and DH Enterprises II failed to pay her wages due and owing in violation of the AZWA. (Doc. 1 ¶¶ 72-78.) Like the FLSA and the AZMWA, the AZWA defines an "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). The AZWA defines "employer" as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350(3). The Court finds that Monge's classification as a non-exempt employee supports a finding that she was an employee under the AZWA. (Doc. 1 ¶ 58.) Additionally, DH Brewing, DH Enterprises I, and DH Enterprises II own and operate restaurants and bars in the Phoenix area. (*Id.* ¶¶ 13, 16, 19.) Thus, DH Brewing, DH Enterprises I, and DH Enterprises II are employers and Monge is an employee under the AZWA.

### 4. Summary

For the foregoing reasons, the Court finds that Monge is an employee under the FLSA, the AZMWA, and the AZWA. 29 U.S.C. § 203(e)(1); A.R.S. § 23-362(A); A.R.S. § 23-350(2). In her Complaint, Monge argues that she is entitled to unpaid minimum wages and unpaid wages due and owing. (Doc. 1 ¶¶ 64-78.) Because the Court takes these allegations as true, *Geddes*, 559 F.2d at 560, Monge "has stated a claim on which [she] may recover." *Vietnam Reform Party*, 416 F. Supp. 3d at 962 (citation omitted). Therefore, the second and third *Eitel* factors favor the entry of default judgment.

### C. Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in

relation to the seriousness of the defendants' conduct. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1176-77. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). In contrast to a complaint's other allegations, allegations pertaining to damages are not taken as true when considering a motion for default judgment. *See Geddes*, 559 F.2d at 560.

Here, Monge seeks the unpaid minimum wage she is owed under the FLSA, AZMWA, and AZWA along with liquidated damages. (Doc. 34 at 8-11.) Monge is requesting $2,499 plus post-judgment interest pursuant to 28 U.S.C. § 1961, and attorney's fees and costs.[*] (*Id.*) For the claims listed in the Complaint, the Court finds that the amount requested is reasonable. Accordingly, the fourth *Eitel* factor favors the entry of default judgment.

### D.     Possibility of a Factual Dispute

The fifth *Eitel* factor considers "the degree of possibility that a dispute concerning material facts exists or may later arise." *Bank of Am., N.A. v. Carver*, No. CV-24-08002-PCT-DGC, 2024 WL 4566689, at *2 (D. Ariz. Oct. 24, 2024) (quoting *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823 JLS (JLB), 2021 WL 3493094, at *15 (S.D. Cal. Aug. 6, 2021)). If there "is no indication that the Defaulted Defendants will defend against the action" then the "Plaintiff's allegations must be taken as true." *Talavera Hair Prods.*, 2021 WL 3493094, at *15.

Defendants DH Brewing, DH Enterprises I, DH Enterprises II, and Roxanne Hicks have not responded to or participated in the litigation. Accordingly, the fifth factor weighs in favor of default judgment against these Defendants because they have provided no genuine dispute of material fact and Monge's allegations are taken as true. *Stamper*, 2022 WL 2316317, at *2 (failing to participate in litigation creates no genuine factual disputes).

After the Clerk's first entry of default, Doajo Hicks filed a Motion to Reconsider, Response in Opposition to Plaintiff's Motion for Default Judgment, and a Motion for

---

[*] Monge plans to file a separate motion for attorney's fees and costs following a finding a default judgment by the Court. (Doc. 34 at 11.)

Judgment in favor of the Defendants. (Doc. 17.) However, by joint stipulation he agreed to the withdraw all his responses and did not file any further pleadings. (*See* Docs. 19, 20.) Even though Mr. Hicks' response and motions allege factual disputes, the Court may not consider any allegations in these filings because the effect of a withdrawn motion "is to leave the record as it stood prior to the filing as though the motion had never been made." *See Davis v. United States*, No. EDCV 07-0481-VAP OPX, 2010 WL 334502, at *2 (C.D. Cal. Jan. 28, 2010) (citation omitted) (holding that a withdrawn motion and its attached exhibits and documents were not part of the record and thus cannot be considered). Therefore, the fifth factor weighs in favor of default judgment against all Defendants.

### E. Excusable Neglect

Where a defendant is served properly, it is unlikely that their failure to answer is a result of excusable neglect. *See Streeter*, 438 F. Supp. 2d at 1071-72. Since Monge executed proper service against all Defendants (Docs. 6-10), there is no evidence to suggest that Defendants' failure to respond is due to excusable neglect. The Court set aside the Clerk's original Entry of Default against Defendants (Doc. 20), yet the Defendants did not file a response to Monge's Complaint and did not appear for two subsequent status conferences. (Docs. 21, 22.) Because the Defendants had no excuse for failing to respond to Monge's Complaint, the sixth factor weighs in favor of default judgment against all Defendants. *See Cruz v. Cuper Elec. LLC*, No. CV-23-01677-PHX-ROS, 2024 WL 3992684, at *3 (D. Ariz. Aug. 29, 2024) (holding that repeated failure to participate in litigation without excuse weighs in favor of default judgment).

### F. Policy Favoring Decision on the Merits

Although the seventh factor, which considers the policy favoring a decision on the merits, generally weighs against default judgment, the existence of Rule 55(b), Fed. R. Civ. P., "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Thus, this factor alone is insufficient to preclude the entry of default judgment.

**G.     Summary**

After reviewing Monge's motion and the Complaint, and analyzing the *Eitel* factors, the Court finds that factors one through six weigh in favor of granting Monge's motion. While the final factor weighs against default judgment, it is insufficient to outweigh the other factors. As a result, the Court concludes that Monge is entitled to default judgment.

**V.     DAMAGES**

Having found entry of default judgment proper, the only remaining issue is one of damages. In contrast to the other allegations in a complaint, allegations pertaining to damages are not taken as true in considering a motion for default judgment. *Geddes*, 559 F.2d at 560. A district court has "wide latitude" in determining the amount of damages to award upon default judgment. *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993).

Monge requests entry of judgment against Defendants for a total amount of $2,499. (Doc. 34 at 11.) This total amount consists of the unpaid wages totaling $833, trebled to $2,499 under A.R.S. § 23-355. (*Id.* at 9-10; Doc. 34-1 ¶¶ 16-17.) Of the total $2,499, Monge requests that $1,937.25 be held against all Defendants jointly and severally. (Doc. 34 at 10-11.) The joint and several damages consist of the unpaid Arizona minimum wage of $645.75 that is trebled under A.R.S. § 23-364(G) for a total of $1,937.25. (*Id.* at 9-10; Doc. 34-1 ¶¶ 10-15, 18.) Monge requests that the remaining $561.75 of the total amount be held only against DH Brewing, DH Enterprises I, and DH Enterprises II. (Doc. 34 at 10.) Additionally, Monge requests that the total amount be enhanced by post-judgment interest under 28 U.S.C. § 1961. (*Id.* at 11.)

A default judgment must "not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The requested damages were listed in the Complaint (Doc. 1 ¶¶ 64-78), and Monge does not request damages different in kind from or in excess of those requested in the Complaint. (*Id.*; *see* Doc. 34 at 8-11.) Monge provided sufficient notice of the potential award through her Complaint, enabling Defendants "to decide whether to respond to the complaint in the first instance." *Fisher Printing Inc. v. CRG LTD II LLC*, No. CV-16-03692-PHX-DJH, 2018 WL 603299, at *3

(D. Ariz. Jan. 22, 2018).

The Court may enter a default judgment without a damages hearing when, as here, "the amount claimed is a liquidated sum or capable of mathematical calculation." *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981)). In this case, the requested damages are capable of mathematical calculation as they are comprised of Monge's weekly wages, the amount of pay she was entitled to receive, and statutory multipliers. (Doc. 1 ¶¶ 64-78; Doc. 34 at 8-11.) The requested damages are also supported by Monge's motion, the Declaration of Natalie Monge, and other attached exhibits. (Docs. 34, 34-1, 34-2.) *See Doe v. United States*, No. CV-17-01991-PHX-GMS (JZB), 2018 WL 2431774, at *8 (D. Ariz. May 30, 2018) ("In determining damages, a court can rely on declarations submitted by the plaintiff") (citation omitted).

The Court finds that Monge's motion, the Declaration of Natalie Monge, and other attached exhibits establish the damages Monge has suffered. (Docs. 34, 34-1, 34-2.) Therefore, the Court will enter default judgment against the Defendants in the amount of $2,499, with $1,937.25 being held jointly and severally against all Defendants, and the remaining $561.75 being held against DH Brewing, DH Enterprises I, and DH Enterprises II. Additionally, post-judgment interest will be added to this award. Should Monge seek attorney's fees and costs, she may file her fee application with the Court in accordance with applicable rules.

## VI.   CONCLUSION

Accordingly,

**IT IS ORDERED** granting Natalie Monge's Motion for Default Judgment (Doc. 34).

**IT IS FURTHER ORDERED** Awarding Natalie Monge $2,499 plus post-judgment interest at the applicable statutory rate against Defendants Doajo Hicks, Roxanne Hicks, DH Brewing, DH Enterprises I, and DH Enterprises II, with $1,937.25 to be held jointly and severally against all Defendants and the remaining $561.75 to be held

against DH Brewing, DH Enterprises I, and DH Enterprises II.

**IT IS FURTHER ORDERED** that Plaintiff Natalie Monge shall have fourteen (14) days from the date of this Order to file a motion for attorneys' fees and costs that complies in all respects with LRCiv 54.2.

**IT IS FINALLY ORDERED** directing the Clerk of the Court to close this case and to enter judgment accordingly.

Dated this 3rd day of January, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge