**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Natalie Monge, | No. CV-24-01294-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| DH Brewing Incorporated, et al., | |
| Defendants. | |

Before the Court is the Notice of Stay Pursuant to 11 U.S.C. § 362(A) (Doc. 39) filed by Defendant Doajo Hicks ("Defendant Hicks"). The notice states Defendant Hicks "filed for personal bankruptcy under Chapter 13 of the United States Bankruptcy Code on December 5, 2024." (Doc. 39 at 2.) It asks the Court to "take judicial notice of the bankruptcy filing and stay all proceedings in this case until the resolution of the bankruptcy matter." (*Id.* at 2-3.)

The Bankruptcy Code offers two forms of relief for individual debtors: Chapter 7 and 13. *In re Blendheim*, 803 F.3d 477, 485 (9th Cir. 2015). Relief under Chapter 13 "is designed to encourage financially overextended debtors to use current and future income to repay creditors in part, or in whole, over the course of a three-to five-year period." *Id.* Unlike relief under Chapter 7, "where a debtor's nonexempt assets are sold to pay creditors, Chapter 13 permits debtors to keep assets such as their home and car so long as they make the required payments and otherwise comply with their obligations under their confirmed plan of reorganization." *Id.*

Under 11 U.S.C. § 362(a), a bankruptcy stay triggers when a debtor files for Chapter 13 bankruptcy. *See In re Powell*, 119 F.4th 597, 600 (9th Cir. 2024). The stay prevents "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before" the petition was filed. *See* 11 U.S.C. § 362(a)(1). Its purpose is to immediately put a debtor and their property under the bankruptcy court's protection. *In re Johnston*, 321 B.R. 262, 273 (D. Ariz. 2005). A bankruptcy stay is self-executing upon the filing of a bankruptcy petition. *See id.* For Chapter 13 proceedings, a stay expires after confirmation of a debtor's Chapter 13 plan. *See* 11 U.S.C. 1327(b); *In re Petruccelli*, 113 B.R. 5, 15 (Bankr. S.D. Cal. 1990).

An automatic stay under 11 U.S.C. § 362(a) normally does not extend to actions against parties other than the debtor. *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009). This general rule, however, does not apply if an action would diminish the bankruptcy estate. *See In re Minoco Grp. of Cos., Ltd.*, 799 F.2d 517, 519 (9th Cir. 1986). Actions directed at a debtor's spouse effect the bankruptcy estate, presuming the couple lives in a community property state. *See* 11 U.S.C. § 541(a)(2); *In re Mantle*, 153 F.3d 1082, 1084 (9th Cir. 1998). Actions directed at a debtor's codefendants similarly effect the bankruptcy estate when the proceedings "indirectly affects the debtor's property interests." *See Matter of Lockard*, 884 F.2d 1171, 1179 n.15 (9th Cir. 1989) (citing *In re Bialac*, 712 F.2d 426, 431-32 (9th Cir. 1983)).

Here, Defendant Hicks is the only party who has filed for bankruptcy. (Doc. 39). The ongoing bankruptcy proceeding warrants staying this action as to Defendant Hicks. *Boucher*, 572 F.3d at 1092. Regarding the other defendants, allowing this action to continue against Defendant Roxanne Hicks—Defendant Hicks' spouse—risks diminishing the bankruptcy estate under Arizona's community property laws. *See* 11 U.S.C. § 541(a)(2); *In re Mantle*, 153 F.3d at 1084. Allowing this action to continue against Defendants DH Brewing Incorporated, DH Enterprises Restaurants LLC, and DH Enterprises Restaurants 2 LLC presents similar concerns. Defendant Hicks is presumed to be an owner of all three businesses. (Doc. 1 ¶ 21.) So, a judgment against any of the business entity defendants

risks harming Defendant Hicks' property interests in those businesses, and thus his ability to reorganize under Chapter 13. *See Queenie Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2nd Cir. 2003) (applying a bankruptcy stay to debtor's wholly owned business because "a claim against the corporation will have an immediate adverse economic impact on" the debtor). Therefore, Defendant Hicks' bankruptcy stay under 11 U.S.C. § 362(a) applies to all defendants in this action.

**IT IS THEREFORE ORDERED** all actions and deadlines in this matter shall be stayed pending confirmation of Defendant Hicks' Chapter 13 plan.

**IT IS FURTHER ORDERED** holding Plaintiff's motion for attorney's fees (Doc. 37) in abeyance during the stay.

**IT IS FINALLY ORDERED** Plaintiff shall file a status report informing the Court of the status of Defendant Hicks' bankruptcy proceedings no later than the last business day of each month, beginning on **March 31, 2025**.

Dated this 12th day of March, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 3 -